UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 15-31 |
| JUSTIN WILLIAMS | SECTION: "F" |

<u>ORDER AND REASONS</u>

Before the Court is the defendant Justin Williams' third *pro se* motion for compassionate release in light of the COVID-19 pandemic. For the following reasons, Williams' renewed request for compassionate release is DENIED without prejudice.

**Background**

On January 13, 2016, Justin Williams was sentenced to 96 months' imprisonment for possessing with the intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin. On April 7, 2020, Williams moved for compassionate release in view of perceived health risks relating to the COVID-19 pandemic. After the Court denied that motion, Williams filed a second, similar motion on May 28, 2020. On June 17, 2020, the Court denied Williams' second motion for a failure to comply with the administrative exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A). Now, driven by the same overarching concern, Williams moves a third time for compassionate release.

1

In the motion at hand, Williams urges the Court to reconsider its denials of his previous requests to be released into home confinement in light of the COVID-19 pandemic. See Mot. at 1 ("Sir, I'm here again humbl[y] asking the courts to grant me compassionate release."). For reasons that have now become familiar, the Government disagrees.

I.

With narrow exceptions, federal law provides that courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As relevant here, Congress has provided that courts may reduce a defendant's term of imprisonment when "extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i).

Here, the reasons Williams provides in support of his proposed reduction are neither "extraordinary" nor "compelling." As the sole tangible basis for his latest plea for a reduced sentence, Williams asserts that forty-five inmates and fifteen staff in the federal prison in which he resides have tested positive for COVID-19.[1] In essence, Williams argues that the generalized health risks

---

1   The Government suggests that the true number of COVID-19 cases in Williams' prison may be significantly lower. See Response at 2-3 ("As of the date of this writing, BOP reports that 11 inmates and 6 staff have confirmed positive test results for COVID-19, with 0 inmate deaths, 0 staff deaths, and 49 inmate recoveries . . . .").

2

he faces due to COVID-19 provide an "extraordinary and compelling" justification for reducing the sentence this court imposed on Williams for his furtherance of an equally gruesome and tragic scourge: the national opioid epidemic. That argument is unavailing.

Williams is 37 years old and identifies no chronic health conditions that would heighten the particularized threat *he* faces as a result of COVID-19. Cf. United States v. Chavez, 2020 WL 4500633, at *3 (N.D. Tex. Aug. 5, 2020) ("The general circumstances of the COVID-19 pandemic do not form a basis for compassionate release."). Like the Northern District of Texas in Chavez, the Court here is sympathetic to Williams' worries regarding the unprecedented COVID-19 pandemic. However, Williams has provided no basis for finding that the health concerns he faces in light of COVID-19 are any greater than those facing any similarly situated incarcerated individual in the country. Accordingly, the mere fact that COVID-19 is spreading within Williams' prison does not supply an "extraordinary and compelling reason[]" for reducing Williams' sentence.

As the COVID-19 pandemic progresses, Williams' situation may well change. But today, the Court has no basis to conclude that Williams' continued incarceration will expose him to any greater

risk than might otherwise be expected in the increasingly familiar world-with-COVID-19.

    Accordingly, IT IS ORDERED: that the defendant's motion is DENIED without prejudice.

    New Orleans, Louisiana, September 4, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE